IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:08cv516-1
(CRIMINAL CASE NO. 3:03cr127)

| | |
|---|---|
| RICHARD OLTON, ) ) Petitioner, ) ) v. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) _____ ) | **O R D E R** |

**THIS MATTER** is before this Court upon a Petition pursuant to 28 U.S.C. § 2255. [Doc. 1]. The Government has filed a Response to Petitioner's § 2255 Petition [Doc. 9] as well as a Motion for Summary Judgment [Doc. 10], and it appears that the Government may be entitled to summary judgment as a matter of law.

In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Petitioner, who is proceeding *pro se*, is cautioned that he carries a heavy burden in responding to a motion for summary judgment. Rule 56(e) reads, in pertinent part, as follows:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading;

> rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e)(2).

This rule requires that if the Petitioner has any evidence to offer to counter the evidence contained in the Government's Response and Motion for Summary Judgment, he must present it to the Court in a form that would otherwise be admissible at trial, i.e., in the form of affidavits or unsworn declarations. An affidavit is a written statement made under oath; that is, a statement prepared in writing by the Petitioner and sworn before a Notary Public. If the Petitioner chooses, he may instead submit an unsworn declaration and state the following with the date and his signature:

> "I declare under penalty of perjury that the foregoing is true and correct."

**PETITIONER OLTON READ THIS:** The Petitioner is hereby advised that he has thirty (30) days from the entry of this Order in which to file evidence in a form which would otherwise be admissible at trial, i.e., in the form of affidavits or declarations, in opposition to the Government's Response to Petitioner's § 2255 Petition and Motion for Summary Judgment. **FAILURE**

2

**TO RESPOND WITHIN THIS TIME PERIOD MAY SUBJECT THIS ACTION TO SUMMARY JUDGMENT**.

**IT IS, THEREFORE, ORDERED** that the Petitioner has thirty (30) days from the entry of this Order in which to provide his own evidence in a form which would otherwise be admissible at trial, <u>i.e.</u>, in the form of affidavits or declarations, countering the evidence offered by the Government's Response to Petitioner's § 2255 Petition and Motion for Summary Judgment.

**IT IS SO ORDERED.**

Signed: May 13, 2010

Martin Reidinger
United States District Judge