IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:08cv516
[CRIMINAL CASE NO. 3:03cr127]

| | |
|---|---|
| RICHARD OLTON, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **O R D E R** |

**THIS MATTER** comes before the Court upon Petitioner's Motion for Extension of Time [Doc. 13], filed May 27, 2010; Petitioner's Motion to Compel [Doc. 16], filed May 28, 2010; and Petitioner's "Motion for True, Accurate, and Complete Transcript" [Doc. 14], filed June 1, 2010.

On November 13, 2008, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence with this Court. [Doc. 1]. On May 12, 2010, Respondent filed a Motion for Summary Judgment. [Doc. 10]. On May 13, 2010, this Court issued a Roseboro notice to Petitioner informing him that he had 30 days in which to respond to the Motion for Summary Judgment. [Doc. 12]. Petitioner has responded by filing the three above-referenced motions.

In his motion for transcripts, Petitioner requests a copy of the sidebar conference and the colloquy with the jury that occurred during his trial. In support of his request, Petitioner asserts that he "vividly recalls that the omitted portion of the trial transcript contains an improper colloquy to which trial counsel did not object." [Doc. 14 at 2].

Transcripts are provided to indigent prisoners in proceedings brought under § 2255 "if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f). The Court will not provide transcripts to indigent prisoners merely so that they may "comb the record in the hope of discovering some flaw." Jones v. Superintendent, Va. State Farm, 460 F.2d 150, 152 (4th Cir. 1972).

A review of Petitioner's basis for requesting the transcript does not allow the Court to conclude that the request is not frivolous. That is, Petitioner provides no specifics whatsoever as to the basis or nature of the claim for which he believes he needs the transcripts. Indeed, Petitioner's request appears to be nothing more than a "fishing expedition." Consequently, Petitioner's request for transcripts will be denied.

In his Motion to Compel, Petitioner asks the Court to compel his former defense counsel to produce to Petitioner all work product

2

associated with Petitioner's criminal case. Petitioner alleges that "[d]espite [his] request for all work product, counsel had not provided such nor had he made Petitioner aware that such existed." [Doc. 16 at 2]. In particular, Petitioner requests the production of the Motion to Disclose the Identity of Informants, the Motion to Disclose Any Agreements, and Motion to Preserve Rough Notes.[1] [Id.].

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904, 117 S.Ct. 1793, 138 L.Ed.2d 97 (1997). Thus, discovery is granted only for "good cause." Rule 6(a), Rules Governing § 2255 Proceedings for the United States District Courts. A petitioner must make specific allegations establishing reason to believe that, if the facts are fully developed, he is entitled to relief. The burden is on the petitioner to demonstrate the materiality of the information sought. Stanford v. Parker, 266 F.3d 442, 460 (6th Cir. 2001). Moreover, "Rule 6 does not 'sanction fishing expeditions based on a petitioner's conclusory allegations.'" Williams v. Bagley, 380 F.3d 932, 974 (6th Cir. 2004) (quoting Rector v. Johnson, 120 F.3d 551, 562 (5th Cir. 1997)). Here, Petitioner merely

---

[1] The Court notes that each of the specified documents were filed with the Court and are available to Petitioner in the same manner as they are to all other members of the public who have proper access thereto.

3

asserts that he needs these documents to respond to the Motion for Summary Judgment. Such an assertion does not establish the materiality of the information requested or the good cause necessary for post-conviction discovery, and thus his motion will be denied.

Petitioner also has requested an extension of time in which to respond to Respondent's Motion for Summary Judgement. For good cause shown, this Court will grant Petitioner an extension up to and including July 21, 2010.

**IT IS, THEREFORE, ORDERED that:**

1. Petitioner's Motion for Extension of Time [Doc. 13] is **GRANTED** and Petitioner has up to and including **July 21, 2010**, in which to respond to respondent's Motion for Summary Judgment;

2. Petitioner's Motion for Transcripts [Doc. 14] is **DENIED**; and

3. Petitioner's Motion to Compel [Doc. 16] is **DENIED**.

**IT IS SO ORDERED.**

Signed: June 30, 2010

Martin Reidinger
United States District Judge