IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

3:08cv516-MOC
(3:03cr127-1)

| | |
|---|---|
| RICHARD OLTON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____) | ORDER |

**THIS MATTER** is before the Court upon Petitioner's post-judgment motion to amend his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 21.) Also before the Court is Petitioner's motion for extension of time to file an appeal. (Doc. No. 22.)

I.  PROCEDURAL HISTORY

On July 26, 2004, Petitioner was charged by superseding indictment with conspiracy to possess with intent to distribute cocaine, cocaine base, and heroin, in violation of 21 U.S.C. § 846 and 841 (2000) (Count One), possession with intent to distribute cocaine and heroin, in violation of 21 U.S.C. § 841 (2000) (Count Two), possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000) (Count Three), and

possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (2000) (Count Four). (Case No. 3:03cr127-1, Doc. No. 81.) Petitioner was convicted after a jury trial of all four counts. (Id., Doc No. 97.) On June 7, 2005, the Court sentenced him to 300 months' imprisonment followed by a ten-year term of supervised release. (Id., Doc. 107.)

The Fourth Circuit Court of Appeals affirmed Petitioner's convictions on direct review. United States v. Olton, No. 05-4655, 2007 WL 2005141 (4th Cir. July 10, 2007) (unpublished) (per curiam), *cert. denied*, 552 U.S. 1031 (2007). Petitioner then filed a motion for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure (Case No. 3:03cr127-1, Doc. No. 133), which was denied on February 13, 2008 (id., Doc. No. 138). He filed a motion for reconsideration (id., Doc. No. 140), which also was denied (id., Doc. No. 146). Petitioner appealed (id., Doc. No. 147), and on September 16, 2008, the Fourth Circuit affirmed by unpublished opinion, United States v. Olton, 293 F. App'x 202, 203 (4th Cir. 2008).

On November 13, 2008, Petitioner timely filed a Motion to Vacate, Set Aside or Correct Sentence. (Doc. No. 1.) The following day, Petitioner filed a second Motion to Vacate, Set Aside or Correct Sentence raising

2

additional claims. (Doc. No. 2.) The Court notified Petitioner that it would treat the two Motions as a single motion to vacate. (Doc. No. 3 at n.1.) The Government moved for summary judgment. (Doc. No. 10.) Petitioner subsequently filed a Response to the Government's Motion for Summary Judgment, clarifying the constitutional basis for each claim raised. (Doc. No. 18 at 1.)

On September 29, 2011, this Court entered an Order granting summary judgment to the Government, denying and dismissing the Motion to Vacate, and declining to issue a certificate of appealability. (Doc. No. 19.) The Clerk's Judgment was entered the same day. (Doc. No. 20.)

Petitioner has not filed an appeal. Instead, he has filed the instant two motions, seeking to add an additional claim to his § 2255 motion and to extend his time to file an appeal.

## II. DISCUSSION

### A. MOTION TO AMEND

Petitioner moves pursuant to Rule 15(a) of the Federal Rules of Civil Procedure to "supplement" his § 2255 Motion with a new claim for relief. Specifically, he claims that the Sentencing Reform Act of 1984 is unconstitutional. (Doc. No. 21 at 3.) He asks that his judgment be vacated

3

and that he be resentenced to parole. (Id.)

A "district court may not grant [a] post-judgment motion [to amend] unless the judgment is vacated pursuant to Rule 59(e) or Fed. R. Civ. P. 60(b)." Laber v. Harvey, 438 F.3d 404, 427 (4th Cir. 2006) (citation omitted). Because Petitioner is proceeding *pro se*, the Court will construe the instant motion liberally as a motion to reconsider under Rule 60(b)[1] and a motion to then amend under Rule 15. See e.g., United States v. Nelson, 465 F.3d 1145, 1148 (10th Cir. 2006) (construing *pro se* post-judgment motion to amend § 2255 under Rule 15(a) of the Federal Rules of Civil Procedure as a combination Rule 60(b) motion and subsequent Rule 15(a) motion).

The Federal Rules of Civil Procedure apply to motions to vacate only to the extent that they are not inconsistent with any statutory provisions or the rules governing § 2255 proceedings. Rules Governing § 2255 Proceedings, Rule 12; see also Fed. R. Civ. P. 81(a)(4). One of the statutory provisions implicated when a petitioner files a Rule 60(b) motion for reconsideration is that which prohibits a prisoner from filing a "second or successive" motion under § 2255 unless it is "certified . . . by a panel of the

---

[1]A Motion to Alter or Amend Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure must be filed within 10 days after entry of judgment.

4

appropriate court of appeals to contain . . . newly discovered evidence . . . or . . . a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2255(h) (2008).

Rule 60(b) allows a party to obtain relief from a final judgment based on:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or otherwise vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b) (2007). A § 2255 motion, on the other hand, claims the right to be released upon the ground that "the sentence was imposed in violation of the Constitution or laws of the United States[.]" District courts are required to review motions under Rule 60(b) to determine whether the petitioner actually is undertaking to file a second motion for collateral review pursuant to § 2255 or a genuine Rule 60(b) motion for reconsideration. See Gonzalez v. Crosby, 545 U.S. 524, 530 (2005); United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003). District

5

Courts "<u>must</u> treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to evade the bar against . . . litigation of claims not presented in a prior application." <u>Winestock</u>, 340 F.3d at 206 (citation and internal quotation marks omitted).

Petitioner's motion directly attacks his sentence by alleging constitutional error in the underlying criminal judgment. It, therefore, is a successive motion to vacate pursuant to § 2255. <u>See</u> <u>Gilbert v. United States</u>, 640 F.3d 1293, 1323 (11th Cir.2011) (en banc) (holding that the rule espoused in <u>Gonzalez</u>, which decided that state prisoners could not circumvent the bar on successive habeas petitions by filing Rule 60(b) motions, applies equally to federal prisoners); .<u>Nelson</u>, 465 F.3d at 1149 ("It is the relief sought, not [the] pleading's title, that determines whether the pleading is a § 2255 motion.") (citing Gonzalez, 545 U.S. at 531); <u>Winestock</u>, 340 F.3d at 207 ("[N]ew legal arguments . . . will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentences."). Because Petitioner did not first obtain authorization from the Fourth Circuit Court of Appeals before filing his Motion, this Court lacks jurisdiction to consider it. <u>Winestock</u>, 340 F.3d at 204. It, therefore, shall be dismissed.

## B. MOTION FOR EXTENSION OF TIME IN WHICH TO FILE APPEAL

In a related Motion, Petitioner asks the Court to extend the time to appeal the judgment in his § 2255 motion "based upon additional motions to be filed, and hear [sic] in this court." (Doc. No. 22). Under the Federal Rules of Appellate Procedure, a prisoner seeking to appeal the district court's denial of a § 2255 Motion, must give notice of appeal within 60 days after judgment has been entered. Fed. R. App. P. 4(a)(1)(B). A district court may extend the time to file a notice of appeal if the motion for extension of time is filed no later than 30 days after time has expired to note an appeal, and the moving party "shows excusable neglect or good cause." Id. at Rule 4(a)(5)(A).

Judgment was entered in Petitioner's § 2255 action on September 29, 2011. See id. at Rule 4(a)(7)(A)(ii). He, therefore, had until November 28, 2011 to file a timely notice of appeal. See id. at Rule 26(a).[2] Petitioner's Motion is dated November 29, 2011. (Doc. 22.) As such, it falls within the 30 day window in which the Court may grant an extension of

---

[2]The time to file a notice of appeal began to run for Petitioner on Sept. 30, 2011, the day after judgment was entered, and expired on November 28, 2011, when the prison's mailing system closed for the day. Fed. R. App. P. 26(a)(1) & (a)(4)(C).

7

time to appeal. Fed. R. App. P. 4(a)(5)(A).

Petitioner, however, has failed to show the requisite excusable neglect or good cause to warrant an extension of time. See id. Indeed, Petitioner has offered no explanation whatsoever to excuse his tardiness. As such, his Motion must be denied.

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that,

1. Petitioner's motion to supplement (Doc. No. 21) his § 2255 Motion is **DISMISSED** as a successive § 2255 Motion.

2. Petitioner's motion for extension of time in which to file a notice of appeal (Doc. No. 22) is **DENIED**.

3. A certificate of appealability shall not be issued as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-338 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Signed: December 23, 2011

Max O. Cogburn Jr.
United States District Judge